HARDY, Judge.
This is a suit in which plaintiff, individually and as natural tutrix for her minor children, seeks to recover damages for the death of her husband, father of said minors, personal injuries sustained by herself, and for property damage resulting from an automobile collision between an automobile driven by decedent, in which plaintiff was a passenger, and a tractor and tank trailer unit owned by defendant, Younger Brothers, Inc. The Great American • Indemnity Company of New York, liability insurer of Younger Brothers, Inc., is joined as a party defendant. After trial there was judgment in favor of defendants, rejecting plaintiff’s demands, from which plaintiff has appealed.
At or about 5:00 P. ET., shortly before dark on September 19, 1949, decedent, Rufus Johnson, accompanied by plaintiff, his wife, was driving a 1942 Chevrolet sedan easterly along Louisiana Highway 24 in the *156 direction of LeCompte, Louisiana, allegedly on his right-hand side of the Highway and at a moderate rate of speed. The petition alleges that as the Johnson car approached a bridge at the mouth of a curve of the highway defendants’ large trailer truck, proceeding at a fast rate of speed well across the center line of the highway, was observed coming out of the curve; that the decedent, Johnson, reduced the speed of his car and pulled to the right in the effort to avoid a collision, despite which the trailer truck smashed into the Johnson car, throwing it into a -ditch on the right-hand side of the highway with such force and violence as to inflict fatal injuries upon Rufus Johnson, serious physical injuries upon plaintiff, and substantial damage-to the automobile.
All the charges of negligence, as above recapitulated, were denied by defendants, who further alleged that the sole and proximate cause of the accident was the negligence of the decedent, Rufus Johnson, in driving in the center of the highway at an excessive rate of speed of approximately fifty miles per hour and losing control of his car by applying his brakes in attempting to pull to the right, as the result of which the car skidded into the path of the truck.
It was established that at the time of the accident a fine drizzling rain was falling, as the consequence of which the asphalt-surfaced highway was slippery and dangerous.
This case involves purely and simply the resolution of questions of fact. The only eyewitnesses to the accident were plaintiff and the driver of the Younger Brothers truck trailer. Each of these witnesses testified to the contradictory facts as set up in the pleadings of the respective parties plaintiff and defendant. A number of witnesses testified to physical conditions observed immediately following the collision, and it is to this testimony we must look for the establishment of such facts and circumstances as will support a conclusion.
Two witnesses tendered by plaintiff testified that the Johnson car, within one to three minutes before the accident, was observed by them traveling at an estimated rate of speed of 45 to 50 miles per hour. Despite plaintiff’s testimony that the tires on the Johnson car were all new and in good condition, it was conclusively established on trial by the testimony of other witnesses that while the left front tire was new and in good condition the right front tire was old and worn smooth. According to these witnesses this condition would have the effect upon application of the brakes to throw the front of the car to the right and the rear to the left. The truck driver testified that the wheels of the Johnson car were turned to the right, despite which the car was sliding to the left. This witness further testified that he attempted to get as far off the right of the highway as possible in the effort to avoid the collision.
A State trooper testified on behalf of the defendant that he arrived at the scene of the accident about thirty minutes after its occurrence; that the truck trailer was stopped on the highway about ten feet from the point which he fixed, as the result of his investigation,' as the point of impact; that the right wheels of the unit were about two and one-half feet on the shoulder of the highway and the left wheels about four feet north of the center line thereof. The truck driver testified that his truck was not moved under its own power after the collision but that by order of the State trooper it was subsequently pulled off of the highway. The trooper testified in detail as . to his investigation by which he fixed the point of impact some two -and one-half feet north of the center line of the highway, which point was marked by mud and water drippings from the vehicles.
We think it unnecessary to discuss in any great detail the testimony of all of the witnesses in view of the fact that an examination of the record is convincing to the effect that plaintiff has failed to establish any negligence on the part of the driver of defendant’s truck by the requisite preponderance of the evidence. On the contrary we find that the testimony heavily preponderates in support of defendant’s position. .Our findings of fact are in com- *157 píete accord with those of the trial Judge and it follows that we perceive no error, manifest or otherwise, therein.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.